UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---

LEROY JOHNSON,

                           Petitioner,

      – against –

Superintendent DALE ARTUS,

                           Respondent.

**MEMORANDUM & ORDER**

12-CV-0502 (ERK)

---

KORMAN, J.:

        Petitioner, Leroy Johnson, pled guilty in state court on November 17, 2004 to one count of first-degree course of sexual conduct against a child and two counts of child endangering. The trial judge allowed petitioner to remain free on bail until his sentencing on January 14, 2005. Petitioner, however, fled and was sentenced in absentia on January 19, 2005. Under state law, his conviction became final 30 days after that sentencing. In January 2010, petitioner returned to court after being arrested in Connecticut where he had been living under an assumed name. The court ordered that petitioner's previously imposed sentence be executed. Petitioner attempted to file an appeal with the Appellate Division, but that was dismissed as untimely because the January 2010 judgment was nothing more than a proceeding to cause a judgment of the same court to be executed. Petitioner filed for a writ of habeas corpus on January 30, 2012.

        In an order dated June 3, 2013, I denied the writ, writing:

> I assume familiarity with the underlying background of the petition. I previously denied, without prejudice, the motion of the Attorney General to dismiss the petition as untimely pending the filing of a memorandum explaining the procedure in New York State regarding the execution of petitioner's sentence. The memorandum has since been filed and I now grant the motion to dismiss the petition. I am satisfied that, for the reasons set out in the memorandum of the Attorney General, petitioner was

sentenced in absentia on January 10, 2005 after he failed to appear for sentencing. The "execution of sentence" which took place after petitioner was arrested on a bench warrant on December 10, 2009 was simply a proceeding in which he was given an opportunity to explain why he failed to appear. Under New York law, the sentence became final thirty days after he was sentenced and his time to appeal was not revived by the entry of the "execution of sentence." *See People v. Stevenson*, 176 A.D.2d 516, 517 (1st Dep't 1991); *People v. Torres*, 179 A.D.2d 358, 358 (1st Dep't 1992). Accordingly the petition is dismissed.

Petitioner appealed to the Second Circuit, which, on May 12, 2014 issued the following mandate:

Appellant, *pro se*, moves for a certificate of appealability. Upon due consideration, it is hereby ORDERED that the motion is DENIED and the appeal is DISMISSED because Appellate has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), as to the untimeliness of the Appellant's petition filed pursuant to 28 U.S.C. § 2254.

On July 14, 2015, petitioner filed a motion to set aside the judgment, purportedly under Federal Rule of Civil Procedure 60. Ostensibly, he is alleging fraud and that the judgment is void, but the gravamen of his motion is that he thinks I made the wrong decision.

Petitioner's motion is frivolous. While petitioner alleges that the previous order was procured through fraud and is void, he has made no showing of either. To the extent that his motion is timely, Fed. R. Civ. P. 60(c)(1), he has failed to show clear and convincing evidence of any fraud on the court, Fed. R. Civ. P. 60(d)(3). Rather, his fraud claim appears to be an attempt to relitigate his case, which is not a cognizable ground for relief under Rule 60. Wright, Miller, & Kane, *Federal Practice and Procedure: Civil* 3d § 2860 at page 416. Nor has petitioner shown that the judgment was void because "the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or . . . it acted in a manner inconsistent with due process of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (internal quotations omitted). Thus, petitioner's motion to set aside the judgment is denied. Because the motion is denied I also deny petitioner's application for appointment of counsel.

**SO ORDERED.**

Brooklyn, New York

August 18, 2015

*Edward R. Korman*

Edward R. Korman
Senior United States District Judge